UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**DONALD KEITH RUNNELS**                     **CIVIL ACTION NO. 19-0178**

                                             **SECTION P**
**VS.**
                                             **JUDGE TERRY A. DOUGHTY**

**GOVERNOR EDWARDS**                         **MAG. JUDGE KAREN L. HAYES**

### REPORT AND RECOMMENDATION

Petitioner Donald Keith Runnels, a prisoner in the custody of Louisiana's Department of Corrections proceeding pro se and in forma pauperis, filed the instant Petition for Writ of Habeas Corpus, [doc. #s 1, 9], on approximately February 12, 2019.[1]  Petitioner attacks the sentence that the Thirty-Third Judicial District Court, Allen Parish, imposed on his simple burglary conviction.[2]  For the following reasons, it is recommended that the Petition be dismissed without prejudice.

### Background

Petitioner was charged with simple burglary and theft of less than $500.00 on approximately December 23, 2010.  [doc. # 9-2, p. 35].  On October 12, 2011, a jury found him guilty of simple burglary.  [doc. # 9-2, p. 16].

On October 19, 2011, before the trial judge sentenced Petitioner, the State filed a habitual

---

[1] Petitioner explicitly instructed the Clerk of Court not to provide a form for filing petitions under 28 U.S.C. § 2254, exclaiming, "Do not send me a stupid § 2254 application . . . ." [doc. # 1, p. 3 (capitalization removed)].  The Clerk of Court, therefore, provided Petitioner a form for filing petitions under 28 U.S.C. § 2241 and docketed Petitioner's subsequent filing as a proceeding under Section 2241.

[2] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

offender bill of information. [doc. # 9-2, p. 32]. On December 15, 2011, while the habitual offender bill was pending, the trial judge sentenced Petitioner. [doc. # 9-2, p. 16]. For the simple burglary conviction, the judge sentenced Petitioner to ten years of incarceration at hard labor, with three years suspended, and to four years of supervised probation. See *Runnels v. Warden, Avoyelles Marksville Detention Center*, No. 13-cv-101 (W.D. La. 2013). For theft, the judge imposed a concurrent six-month sentence of incarceration. *Id.*

On January 17, 2012, Petitioner filed a Petition for Writ of Habeas Corpus, under 28 U.S.C. § 2254 before the United States District Court, Western District of Louisiana, Lake Charles Division. *Runnels v. Warden Avoyelles Parish Detention Center*, No. 12-cv-0084 (W.D. La. 2012). The court struck the petition because Petiitoner failed to submit it on an approved form and failed to either pay the filing fee or submit an in forma pauperis application. *Id.* at doc. 6.

On August 14, 2012, the state trial court held a contradictory hearing to determine whether Petitioner should be sentenced as a habitual offender. [doc. # 9-2, pp. 41, 47-64].

Petitioner appealed his sentences and convictions to Third Circuit Court of Appeal, raising several claims for relief: (1) sufficiency of the evidence; (2) ineffective assistance of counsel; (3) improper use of notes by witnesses; (4) improper jury instructions; (5) misconduct by the state; (6) alleged bias by the trial court; and (7) excessiveness of his sentence. See *Runnels*, No. 13-cv-101 (doc. 6). On November 7, 2012, the appellate court affirmed his conviction and sentence for simple burglary, but vacated the sentence for theft because "nothing in the record indicat[ed] that a verdict was rendered either by the jury or by the trial court on [that] count." *State v. Runnels*, 2012-167 (La. App. 3 Cir. 11/7/12), 101 So. 3d 1046, 1050.

On November 29, 2012, the trial judge sentenced Petitioner "as a habitual offender to imprisonment at hard labor . . . for 15 years, without benefit of probation or suspension of sentence, in accordance with LSA R.S. 15:529.1(G)." [doc. # 9-2, p. 43].

On January 15, 2013, Petitioner filed a second Petition for Writ of Habeas Corpus, under 28 U.S.C. § 2254, before the United States District Court, Western District of Louisiana, Lake Charles Division, challenging his simple burglary conviction and associated sentence. *Runnels*, 13-cv-101. He claimed: "(1) that he should have been tried by a twelve person jury rather than six, (2) that his counsel provided ineffective assistance, (3) that the jury instructions were improper jury instructions, and (4) that the sentence imposed was excessive." *Id.* at doc. 6. On January 27, 2014, the court dismissed the petition without prejudice, finding that Petitioner failed to exhaust his claims. *Id.* at doc. 10.

On January 23, 2013, Petitioner filed a third Petition for Writ of Habeas Corpus, under 28 U.S.C. § 2254, before the United States District Court, Western District of Louisiana, Lake Charles Division, claiming that the state trial judge should not have used his 1996 conviction as a predicate for finding, relative to his 2012 sentence for simple burglary, that he was a habitual offender. *Runnels v. Warden, Tensas Parish Detention Center*, No. 13-cv-209 (W.D. La. 2013). The court construed the petition as an attack on both the 1996 conviction and the 2011 conviction supporting the sentence that Petitioner challenges here. *Id.* at doc. 2, p. 2. On July 14, 2014, the court dismissed the petition with prejudice, finding Petitioner's claims time-barred. *Id.* at doc. 4.

On February 28, 2013, Petitioner filed an application for supervisory and/or remedial writs before the Supreme Court of Louisiana. See *Runnels v. Warden, Avoyelles Marksville*

*Detention Center*, No. 14-cv-503, doc. 102, p. 3, (W.D. La. 2014). The Supreme Court of Louisiana denied Petitioner's application on July 31, 2013. *State ex rel. Runnels v. State*, 2013-0498 (La. 7/31/13), 118 So. 3d 1121. Petitioner did not pursue relief before the United States Supreme Court, and he did not pursue post-conviction review. See *Runnels*, No. 14-cv-503 at doc. 102, p. 3.

On March 5, 2014, Petitioner filed a fourth Petition for Writ of Habeas Corpus, under 28 U.S.C. § 2254, before the United States District Court, Western District of Louisiana, Lake Charles Division, challenging the same sentence he challenges in the instant Petition. *Id.* at doc. 102. On December 4, 2015, the court dismissed the petition with prejudice, finding Petitioner's claims time-barred. *Id.* at doc. 123.

On May 23, 2017, in the same proceeding, Petitioner filed a "Motion to Vacate Illegal Sentence," [doc. 138], raising an "Ex Post Facto" claim and arguing that, when the trial judge sentenced him as a habitual offender on November 29, 2012, the judge applied a version of LA. REV. STAT. § 15:529.1 that was only effective after October 10, 2009, the date Petitioner committed simple burglary. *Id.* at doc. 138. According to Petitioner, if the judge utilized the version of the statute in effect when Petitioner committed the crime, the judge would not have found that Petitioner was a habitual offender. *Id.* On May 31, 2017, the court dismissed the claim, finding that the motion constituted a successive habeas petition:[3]

> Because he could have already raised this claim in his prior petition for a writ of habeas corpus, the current motion is a successive habeas petition. Runnels is required to seek authorization from the Fifth Circuit Court of Appeals under 28 U.S.C. § 2244(b)(1) to file a successive habeas petition, and he has not done so. Because he does not have authorization from the Fifth Circuit, this court does not

---

[3] The motion, therefore, was Petitioner's fifth federal habeas corpus petition.

have subject matter jurisdiction over the claim.

*Id.* at doc. 142, p. 2; doc. 143. On March 16, 2018, the United States Court of Appeals for the Fifth Circuit denied Petitioner's motion for a certificate of appealability. *Id.* at doc. 164. The Supreme Court of the United States denied Petitioner's subsequent petition for writ of certiorari on October 5, 2018. *Id.* at doc. 168.

On August 28, 2017, Petitioner filed a sixth Petition for Writ of Habeas Corpus, under 28 U.S.C. § 2254, before the United States District Court, Western District of Louisiana, Lake Charles Division, challenging the same conviction and sentence he challenges here. *Runnels v. State of Louisiana*, No. 17-cv-1458 (W.D. La. 2017). The court struck the petition because Petitioner failed to either pay the filing fee or submit an in forma pauperis application on an approved form. *Id.*

On November 14, 2017, Petitioner filed a seventh Petition for Writ of Habeas Corpus, under 28 U.S.C. § 2254, before the United States District Court, Western District of Louisiana, Monroe Division, challenging the same conviction and sentence he challenges here. *Runnels v. John B. Edwards, et al.*, No. 17-cv-1504 (W.D. La. 2017). On February 16, 2018, the court dismissed the petition, finding that Petitioner failed to exhaust his state court remedies. *Id.* at doc. 13.

## Law and Analysis

Here, Petitioner requested, and utilized, a form for filing petitions under 28 U.S.C. § 2241. However, 28 U.S.C. § 2254, rather than 28 U.S.C. § 2241, applies because Petitioner challenges the state court judgment under which he is in custody and, when Petitioner filed this

proceeding, he was in custody "pursuant to the judgment of a State court." 28 U.S.C. § 2254(a).[4]

Petitioner claims that, when the trial judge sentenced him as a habitual offender, the judge employed a version of LA. REV. STAT. § 15:529.1 that was effective only after he committed simple burglary. [doc. #s, 1, 9]. As above, Petitioner has filed several Petitions for Writ of Habeas Corpus before, challenging the same conviction and sentence he challenges here. Notably, the claim here is the same claim, challenging the same judgment, that he raised before the Lake Charles Division in the motion (which the Lake Charles court construed as a Petition for Writ of Habeas Corpus) he filed on May 23, 2017. *Runnels*, No. 14-503 at doc. 138. Moreover, while Petitioner did not, in his third and fourth Petitions for Writ of Habeas Corpus, raise the same claim he raises here, he could have raised the instant claim in those petitions, which both challenged the judgment he challenges here. *Runnels*, 13-cv-209 at doc. 1; *Runnels*, 14-1503 at doc. 10.

"Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." RULE 9 OF THE RULES GOVERNING SECTION 2254 CASES IN THE U.S. DIST. COURTS. The bar on second or successive petitions applies to a later-in-time petition that challenges the same judgment imposing the same sentence as an

---

[4] See *Felker v. Turpin*, 518 U.S. 651, 662 (1996) ("[A]uthority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'") (quoting Section 2254(a)); *Hartfield v. Osborne*, 808 F.3d 1066, 1073 (5th Cir. 2015) (finding that Section 2254, rather than Section 2241, applied and observing that "§ 2241 empowers a federal court to grant writs of habeas corpus while § 2254 applies to a subset of those to whom § 2241(c)(3) applies—it applies to 'a person in custody pursuant to the judgment of a State court.'") (internal quotation marks and quoted source omitted).

earlier-in-time petition. *In re Lampton*, 667 F.3d 585 (5th Cir. 2012) (citing *Burton v. Stewart*, 549 U.S. 147, 156 (2007)).

The phrase "second or successive" applies to an entire application, not to individual claims in an application. *Magwood v. Patterson*, 561 U.S. 320, 334 (2010) ("AEDPA uses the phrase 'second or successive' to modify 'application.'"). "[A]n application filed after a previous application was adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, n. 7 (5th Cir. 1999) (citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63 (1996)).

Although the Antiterrorism and Effective Death Penalty Act ("AEDPA") does not define "second or successive," the Fifth Circuit has long held that "a later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).[5] A petition is "second or successive," under the first prong, if it contains a new claim that the petitioner could have raised in a prior petition and the petitioner's failure to raise the claim is inexcusable. *McCleskey v. Zant*, 499 U.S. 467, 489 (1991). Likewise, under the second prong, "a petitioner may abuse the writ by failing to raise a [new] claim through inexcusable neglect" or deliberate

---

[5] "This definition 'must be considered in the context of AEDPA, the statute that it interprets,' which is aimed at minimizing repeated attacks on the validity of a petitioner's conviction or sentence." *Ramos v. Davis*, 653 F. App'x 359, 363 (5th Cir. 2016) (quoting *Leal Garcia v. Quarterman*, 573 F.3d 214, 221-22 (5th Cir. 2009)). "AEDPA's 'design is to further the principles of comity, finality, and federalism,' to 'reduce piecemeal litigation,' and to 'streamline federal habeas proceedings.'" *Id.* (quoting *Panetti v. Quarterman*, 551 U.S. 930, 945-46 (2007)).

abandonment. *Id.*[6] "A federal habeas court's power to excuse these types of defaulted claims derives from the court's equitable discretion." *Id.*

Here, as noted, the claim in the instant Petition is the same claim, challenging the same judgment, that Petitioner raised before the Lake Charles Division in his "Motion to Vacate Illegal Sentence." *Runnels*, No. 14-cv-503 at doc. 138. To reiterate, the court there construed Petitioner's motion as a successive Petition for Writ of Habeas Corpus. *Id.* at doc. 142. Because the instant claim is identical to the claim Petitioner raised in *Runnels*, No. 14-cv-503, the instant Petition is successive for the same reasons the court found the petition successive in *Runnels*, No. 14-cv-503.

Expounding on the court's rationale in *Runnels*, No. 14-cv-503, this Petition is successive because it amounts to an abuse of the writ and because Petitioner could have raised the instant assignment of error in two of his previous petitions. While Petitioner did not raise this claim in his third petition in *Runnels*, No. 13-cv-209, or in his fourth petition in *Runnels*, No. 14-cv-503, he could have because the alleged defect—i.e., the trial court's application of the version of LA. REV. STAT. § 15:529.1 post-dating Petitioner's arrest date—existed prior to the date he initiated those proceedings. See *Leal Garcia*, 573 F.3d at 222 (5th Cir. 2009) ("In essence, if the purported defect existed, or the claim was ripe, at the time of the prior petition, the later petition is likely to be held successive . . . .").

While Petitioner argues that he only discovered the defect on April 19, 2017, [doc. # 1, p.

---

[6] See also *Slack v. McDaniel*, 529 U.S. 473, 486 (2000) (suggesting that the definition of "second or successive" would be the same under AEDPA as under pre-AEDPA law); *In re Cain*, 137 F.3d 234, 236 (5th Cir. 1998) (indicating that courts should interpret the meaning of "second or successive" using pre-AEDPA abuse-of-the-writ standards).

2], his late discovery amounts to inexcusable neglect, and his Petition therefore constitutes an abuse of the writ.[7] In addition, while Petitioner argues that, on October 25, 2018, he finally obtained an order from the trial court correcting the year of his arrest from 2010 to 2009, Petitioner should have been—and likely was—aware of the year of his arrest when he filed his previous federal habeas corpus petitions. By extension, the error in the trial court record does not excuse Petitioner from, or provide cause for, omitting the instant claim from his prior petitions.

The courts in *Runnels*, No. 13-cv-209 and *Runnels*, No. 14-cv-503 dismissed the prior petitions, with prejudice, as time-barred. While a dismissal based on the statute of limitations does not include an examination of the merits of the substantive claims presented in a petition, such a dismissal is considered an adjudication of the merits for purposes of determining whether a subsequent petition is successive. *In re: Flowers*, 595 F.3d 204, 205 (5th Cir. 2009); *In re Garrett*, 633 F. App'x 260, 261 (5th Cir. 2016).

Before the Court may consider a second or successive petition, Petitioner must, as mentioned, obtain authorization to file it from the Fifth Circuit Court of Appeals. 28 U.S.C. §

---

[7] See *Murray v. Carrier*, 477 U.S. 478, 486 (1986) (finding that the mere fact that a petitioner failed to recognize the factual or legal basis for a claim, or failed to raise the claim or objection despite recognizing it, does not constitute cause); *In re Kerns*, 623 F. App'x 186, 187 (5th Cir. 2015) (finding, where the petitioner argued "that he could not have brought his claims in his first § 2254 application because . . . he only recently learned that his sentences were indeterminate and he became entitled to release only after he filed his first application[,]" that the application was successive because the petitioner "knew or could have known of the nature of his sentences" at the time of judgment and that, therefore, "he knew or could have known all of the facts necessary to raise his proposed claims in his earlier application."); *Scott v. Stephens*, 2015 WL 884704, at *1 (N.D. Tex. Mar. 2, 2015) (finding a petition successive because, when the petitioner "filed his earlier petition, petitioner could have determined the impact of the statutory provisions on his eligibility for early release to mandatory supervision and/or parole.").

2244(b)(3)(A).[8]  Because the record does not reveal that Petitioner received such authorization, this Court lacks jurisdiction.  See *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *U.S. v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

## Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that the instant proceeding be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.[9]

**IT IS FURTHER RECOMMENDED** that Petitioner's "Ex Parte Motion for Service of Summons," [doc. # 4], be **DENIED AS MOOT**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by FED. R. CIV. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the**

---

[8] "Before a second or successive application permitted by this section [§ 2254] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

[9] Although some district courts have transferred second or successive petitions to the Fifth Circuit for authorization, a transfer is not mandatory.  See *In Re Epps*, 127 F.3d 364 (5th Cir. 1997) (adopting a procedure to be used when a successive petition filed without prior authorization is transferred).  Dismissal, rather than transfer, is warranted here.

**legal conclusions accepted by the District Court, except upon grounds of plain error.** *See*

***Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

In Chambers, Monroe, Louisiana, this 8th day of April, 2019.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE